UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, | No. 23-55252 |
| Plaintiff-Appellee, | D.C. No. 3:19-cv-01628-LAB-AHG Southern District of California, San Diego |
| v. | |
| KIM H. PETERSON, individually, and as Trustee of the Peterson Family Trust dated April 14, 1992, and as Trustee of the Peterson Family Trust dated September 29, 1983; et al., | ORDER |
| Appellants, | |
| v. | |
| CHICAGO TITLE COMPANY; CHICAGO TITLE INSURANCE COMPANY, | |
| Defendants, | |
| NOSSAMAN LLP; MARCO COSTALES, | |
| Real-party-in-interest, | |
| ------------------------------ | |
| KRISTA FREITAG, Receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates, | |
| Receiver-Appellee. | |

Before EBEL[*], BADE, FORREST, Circuit Judges

This appeal stems from a Securities and Exchange Commission ("SEC") civil enforcement action addressing a Ponzi scheme operated by Gina Champion-Cain ("Cain") through her company ANI Development, LLC ("ANI"). As part of the civil enforcement action, the district court appointed an equity receiver for ANI. In this appeal, Appellants Kim Peterson and related entities (collectively "Peterson") challenge the district court's interim distribution order to the extent it disallowed Peterson's claims seeking to recover from the ANI receivership for Peterson's alleged losses resulting from the Ponzi scheme.

Although the parties asserted in their briefs that this court has jurisdiction over Peterson's appeal under 28 U.S.C. § 1291 as an appeal from a final decision, there is binding authority that suggests otherwise. Generally, a final decision ends the litigation on the merits, leaving nothing for the court to do but execute the judgment. *See Doe 1–10 v. Fitzgerald*, 102 F.4th 1089, 1094 (9th Cir. 2024) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)). Here, however, the district court entered an interim distribution order, and the civil enforcement action remains ongoing. *Cf. S.E.C. v. Am. Principals Holdings, Inc.*, 817 F.2d 1349, 1350 (9th Cir. 1987) (holding that order upholding payment to

---

[*] The Honorable David M. Ebel, United States Circuit Judge for the Court of Appeals, Tenth Circuit, sitting by designation.

2

receiver and authorizing spinoff of some partnerships involved in scheme was not final, appealable order "[b]ecause the receivership proceeding is continuing"). Nor does the order at issue here appear to be immediately appealable under either 28 U.S.C. § 1292(a)(2) or the collateral order doctrine. *See S.E.C. v. Cap. Consultants LLC*, 453 F.3d 1166, 1169 n.2, 1171–72 (9th Cir. 2006) (per curiam).

Therefore, Peterson and the Receiver must file, within 21 days of the date of this order, simultaneous briefs not exceeding 10 pages addressing whether this court has appellate jurisdiction to consider this appeal. The parties should further address whether, if we lack jurisdiction, we should enter a limited remand to allow the district court to consider certifying this appeal as immediately appealable under Federal Rule of Civil Procedure 54(b) or instead whether we should dismiss the appeal for lack of jurisdiction. *See Rollins v. Mortg. Elec. Registration Sys., Inc.*, 737 F.3d 1250, 1253–54 (9th Cir. 2013) (order); *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1065–66 (9th Cir. 2014). *See generally S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1081, 1084–85 (9th Cir. 2010) (upholding district court's decision to enter final judgment pursuant to Rule 54(b) on order entering partial summary judgment against Defendants in SEC civil enforcement action).